**ELIGA TILO and VASAGA TILO for the TILO FAMILY, EUGENE B. PALYO and LAFOAINA F. PALYO, Claimants,**

**v.**

**VA`AILEPU`A O.H. DANIELSON, Objector.**

---

**PONAUSUIA LUSI FALE, Intervenor.**

High Court of American Samoa
Land and Titles Division

LT No. 18-93

May 7, 2004

Before RICHMOND, Associate Justice, MAMEA, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Claimants Eugene B. Palyo and Lafoaina F. Palyo,
S. Salanoa Aumoeualogo
For Intervenor, Arthur Ripley, Jr.

### ORDER DENYING MOTION
### FOR NEW TRIAL

Claimants Eugene B. Palyo and Lafoaina F. Palyo (collectively "the Palyos") sought to register a separation agreement signed by Eliga Tilo, *sa`o* of the Tilo family, regarding a house on Liufau family land. Va`ailepu`a O.H. Danielson objected to the separation agreement

claiming the house was on Tufaga family land. Later, Ponausuia Lusi Fale ("Ponausuia"), Lafoaina Palyo's brother and current occupant of the house, intervened in the action. The Palyos sought recovery from Ponausuia and his son, Mark, for rental payments. We found the separation agreement between the Palyos and Eliga Tilo was null and void and denied the Palyos' request for rental payments. The Palyos timely moved for a new trial. For the following reasons, we deny the Palyos' motion for a new trial.

## Standard of Review

 The decision whether to grant a motion for a new trial or reconsideration is left to the broad discretion of the trial court. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.13[3][a] (3d ed. 1999). "[A] motion for new trial in a nonjury case should be based on a manifest mistake of fact or error of law; the court should find substantial reasons before setting aside a judgment." *Id.*; *see also American Samoa Gov't v. S. Pac. Island Air Sys., Inc.*, 28 A.S.R.2d 170, 171 (Trial Div. 1995).

## Discussion

The Palyos contend that the separation agreement signed between them and Eliga Tilo, the *sa'o* of the Tilo family, is valid. However, we found that Eliga Tilo could only sign agreements regarding Liufau family land when the Liufau title was vacant and, according to Liufau Tanielu Sonoma ("Tanielu"), the present *sa'o*, only then after a meeting was held to approve the agreement. No evidence established that either of these conditions were fulfilled; Liufau Filipo held the title when the separation agreement was entered. Therefore, we found the separation agreement between the Palyos and Eliga Tilo was invalid. *Tilo v. Danielson*, 8 A.S.R.3d 211 (Land & Titles Div. 2004). We see no reason to disturb this finding and reject this argument as grounds for a new trial.

Likewise, we reject the Palyos' argument that we placed too much weight on an affidavit submitted by Tanielu. As indicated in the Opinion, the parties agreed that Tanielu's filed statements, whether obtained by way of deposition or affidavit, would be considered as evidence. 8 A.S.R.3d at 213. We carefully considered all of the evidence presented in this matter, including Tanielu's affidavit.

 The Palyos argue that even if the separation agreement is void, as family members they still have a right to live on the communal land in the house they built. While each member of a family has the right to live on his or her family's communal land, the *sa'o* of the family retains the authority to make decisions regarding the communal lands. *See Seventh Day Adventist Church of American Samoa v. Maneafaiga*, 23 A.S.R.2d

150, 154-55 (Land & Titles Div. 1993). As we indicated in our Opinion, the current *sa'o* of the Liufau family is not a party to this case. We cannot make any decision affecting his rights or liabilities unless he is a party. The decision of whether or not the Palyos can live in the house must be made by the *sa'o* of the Liufau family. We are sympathetic to the Palyos' situation and expect that Tanielu, as the current *sa'o* of the Liufau family, will consider all of the Palyos' contributions to the house in making his decision. *See* 8 A.S.R.3d at 215. Indeed, if Tanielu makes a decision regarding the house that the Palyos consider to be arbitrary and capricious, their appropriate course of action is to seek recovery from him.

### Order

The Palyos' motion for a new trial is denied.

It is so ordered.